# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Spine Imaging MRI, L.L.C., a Minnesota limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company, an Illinois Corporation<br><br>Defendant. | Court File No. 11-262 JRT/AJB<br><br><br>**PLAINTIFF SPINE IMAGING MRI, L.L.C.'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

TO: Defendant State Farm Mutual Automobile Insurance Company, and its attorneys of record William L. Moran and Christopher M. Drake, Murnane Brandt, 30 East Seventh Street, Suite 3200, St. Paul, MN 55101.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Spine Imaging MRI, L.L.C. ("plaintiff" or "Spine Imaging"), by its attorneys, Lockridge Grindal Nauen P.L.L.P., hereby responds to Defendant State Farm Mutual Automobile Insurance Company's ("defendant" or "State Farm") First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. Spine Imaging's specific objections to each interrogatory are in addition to the general limitations and objections set forth in this section. These limitations and objections are incorporated into each and every answer and are set forth here to avoid the duplication and repetition of restating them for each answer. Thus, the absence of a reference to a general objection in response to a specific interrogatory is not and should not be construed as a waiver of the general objections to a specific interrogatory.

445180.1

objects further because Interrogatory No. 7 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in that it is not limited to any particular time period and, therefore, would include anyone who _ever_ "was involved in billing for the services rendered by Plainitff" or who _ever_ "trained and/or instructed" another individual "on the billing procedures and practices to be utilized on behalf of Plaintiff" or who _ever_ "set the cpt codes" allegedly used by Plaintiff regardless of whether those individuals had or have any knowledge or information that could lead to the discovery of admissible evidence in this lawsuit. Spine Imaging also objects to Interrogatory No. 7 as vague because the term "billing software" is not defined and, therefore, could conceivably include any "software" program used in connection with Spine Imaging's creation or mailing of bills. Subject to these objections, Spine Imaging states that Jennifer Hentges and Eduardo Bullon are involved in the billing for services rendered by Spine Imaging and have knowledge of the "various cpt codes" requested by Interrogatory No. 7.

**INTERROGATORY NO. 8:** Identify all services provided at or by Plaintiff, including the nature or type of service and the individuals responsible for providing it.

**ANSWER:** Spine Imaging objects to Interrogatory No. 8 because it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Spine Imaging also objects to Interrogatory No. 8 as vague because the terms "services" and "nature or type of service" do not describe the information requested with sufficient particularity for Spine Imaging to provide a specific and

complete response. Subject to these objections, Spine Imaging states that its "services" include MRI and x-ray services.

**INTERROGATORY NO. 9:** Identify all sources of referral of persons to Plaintiff to receive scans, images, or other treatments and list and state the sources name, address, number of referrals and whether any compensation was provided to these referral sources from Plaintiff since the time of its incorporation in Minnesota.

**ANSWER:** Spine Imaging objects to Interrogatory No. 9 to the extent it implies that MRI scans or x-ray scans are medical "treatments," and to the extent that it seeks information regarding "other treatments" that Spine Imaging has never provided. Spine Imaging objects further because Interrogatory No. 9 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Spine Imaging objects further because Interrogatory No. 9 seeks confidential business information. Subject to its objections, Spine Imaging states that it has not provided any "compensation" to any doctor or chiropractor in exchange for referrals, and that Spine Imaging will produce a list of all doctors and chiropractors who have referred persons to Spine Imaging following the entry of a protective order.

**INTERROGATORY NO. 10:** Identify any opinions sought, whether from legal counsel, licensing boards, compliance organization, or any other source, regarding the operations of Plaintiff and compliance with local, state, or federal laws.

**ANSWER:** Spine Imaging objects to Interrogatory No. 10 because it seeks discovery of information that is protected by the attorney-client privilege or the work-product doctrine. Spine Imaging objects further because Interrogatory No. 10 is overly broad, unduly burdensome, and vague in that it seeks the identification of "any opinions"

## VERIFICATION

I, Eduardo Bullon, on behalf of plaintiff Spine Imaging MRI, L.L.C., hereby state that, based on Spine Imaging's records and my personal knowledge, the foregoing answers are true and correct to the best of my knowledge, information, and belief.

_____
Eduardo Bullon

Subscribed and sworn to before me
this 29th day of August, 2011.

_____
Notary Public
Hennepin County, State of Minnesota
My Commission Expires Jan 31,
2015

RACHAEL M. MORTON
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

**As to objections:**

Dated: August 29, 2011         LOCKRIDGE GRINDAL NAUEN P.L.L.P.

                               By: _____
                               Eric C. Tostrud, #213548
                               Matthew R. Salzwedel, #0312903
                               David W. Asp, #344850
                               100 Washington Avenue South, Suite 2200
                               Minneapolis, MN 55401
                               Phone: (612) 339-6900
                               Fax: (612) 339-0981
                               ectostrud@locklaw.com
                               mrsalzwedel@locklaw.com

                               *Attorneys for Plaintiff Spine Imaging MRI, L.L.C.*