# Exhibit 12

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Spine Imaging MRI, L.L.C., a Minnesota limited liability company, | Court File No. 09-1963 JRT/AJB |
| Plaintiff, | |
| v. | |
| Liberty Mutual Fire Insurance Company, a Wisconsin corporation, and Allstate Insurance Company, an Illinois corporation, | **PLAINTIFF SPINE IMAGING MRI, L.L.C.'S RESPONSE TO DEFENDANT ALLSTATE INSURANCE COMPANY'S FIRST REQUEST FOR ADMISSIONS** |
| Defendants, | |
| and | |
| Liberty Mutual Fire Insurance Company, | |
| Third-Party Plaintiff, | |
| v. | |
| Eduardo Bullon, individually; Rafael Mendez, individually, Central Medical Clinic, LLC; Dr. Alfonso Morales, M.D., individually; Northstar Radiology Corporation, P.A.; Dr. William Ford, M.D., individually and Dr. Hans Michael Castro, D.C., individually, | |
| Third-Party Defendants. | |

TO:  Defendant, Allstate Insurance Company and its attorneys of record, Richard S. Stempel, Stempel & Doty, PLC, 41 – 12 Avenue North, Hopkins, MN 55343.

   Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff

Spine Imaging MRI, L.L.C. ("plaintiff" or "Spine Imaging"), by its attorneys, Lockridge

5.    Spine Imaging objects to these requests because they are duplicative of requests served on Spine Imaging by Allstate in *Allstate Ins. Co. et al. v. Bullon, et al.*, Case No. 10-cv-04636 (D. Minn.).   Spine Imaging objects to Allstate's practice of serving multiple discovery requests seeking the same information as unnecessarily duplicative and harassing.

## RESPONSES TO REQUEST FOR ADMISSONS

1.    Prior to 2008, Plaintiff billed Defendants $1,400.00 for the technical component of diagnostic imaging and Dr. William Ford, Ill billed $250.00 for the professional component of diagnostic imaging.

**RESPONSE:** Spine Imaging cannot truthfully admit or deny Request No. 1 as written because Request No. 1 is vague as to the time period to which it refers.  To the extent Request No. 1 seeks an admission that Spine Imaging "billed Defendants $1,400 for the technical component of diagnostic imaging" at all times "[p]rior to 2008," Request No. 1 is denied.  To the extent Request No. 1 seeks an admission that Spine Imaging "billed Defendants $1,400 for the technical component of diagnostic imaging" at some time "[p]rior to 2008," Request No. 1 is admitted.

2.    At some time in 2008, Plaintiff began to bill Defendants $1,650.00 for the diagnostic imaging it performed.

**RESPONSE:** Denied.

3.    During the time that Spine Imaging billed Defendants $1,400.00 for the technical components of diagnostic images, Eduardo Bullon and/or Spine Imaging were responsible for the bills submitted by Northstar Radiology and/or Dr. William Ford, III to Defendants.

**RESPONSE:**  Spine Imaging cannot truthfully admit or deny Request No. 3 because it is compound, and actually propounds multiple requests for admission.  To the

extent Request No. 3 seeks an admission that Eduardo Bullon was "responsible for the bills submitted by Northstar Radiology and/or Dr. William Ford, III to Defendants" apart from the agreement between Dr. Ford and Spine Imaging, Request No. 3 is denied. To the extent Request No. 3 seeks an admission that Spine Imaging was "responsible for the bills submitted by Northstar Radiology and/or Dr. William Ford, III to Defendants" as defined by the contract between Dr. Ford and Spine Imaging, Request No. 3 is admitted.

4.      During the time that Spine Imaging billed Defendants $1,400.00 for the technical components of diagnostic images, Eduardo Bullon and/or Spine Imaging submitted separate bills of $250.00 on behalf of Northstar Radiology and/or Dr. William Ford, III for the professional components of those same diagnostic images.

**RESPONSE:** Admitted.

5.      During the time that Spine Imaging billed Defendants $1,650.00 for diagnostic images, Eduardo Bullon and/or Spine Imaging were responsible for the bills (if any) submitted by Northstar Radiology and/or Dr. William Ford, III to Defendants.

**RESPONSE:** Spine Imaging cannot truthfully admit or deny Request No. 5 because it is compound, and assumes facts or circumstances that are not the case. To the extent Request No. 5 seeks an admission that Spine Imaging was responsible for submitting global billing statements for the technical and professional component of diagnostic-imaging services, Request No. 5 is admitted. To the extent Request No. 5 seeks any other admission, Request No. 5 is denied.

6.      During the time that Spine Imaging billed Defendants $1,650.00 for diagnostic images, Eduardo Bullon and/or Spine Imaging did not submit any bills on behalf of Northstar Radiology and/or Dr. William Ford, III to Defendants for the professional components of those same diagnostic images.

**RESPONSE:** Spine Imaging cannot truthfully admit or deny Request No. 6 because it is compound and assumes that facts or circumstances that do not exist. To the

extent Request No. 6 seeks an admission that Spine Imaging submitted global bills to defendants for $1,650 and, therefore, did not bill separately for professional component of some MRIs, Request No. 6 is admitted.

7.    When Plaintiff billed Defendants at the rate of $1,650.00 per diagnostic scan, Dr. Ford and/or any other radiologists employed, hired and/or contracted by Plaintiff did not submit separate bills to Defendants for the professional components of those same diagnostic scans.

**RESPONSE:**  Spine Imaging cannot truthfully admit or deny Request No. 7 because it seeks admissions on behalf of unidentified individuals over whom Spine Imaging had no control.

8.    For a period of time during Plaintiff's contract with Dr. Ford, a sign listing the name and/or a variation of the name Dr. William J. Ford, III was on Plaintiff's door at 393 Dunlap Street, St. Paul, Minnesota 5510.

**RESPONSE:**  Admitted.

9.    When Plaintiff performs diagnostic imaging of its patients, the technical component is a necessary step.

**RESPONSE:**  Spine Imaging objects and cannot truthfully admit or deny Request No. 9 because it assumes facts or circumstances that do not exist.  To the extent Request No. 9 seeks an admission that Plaintiff's performance of "diagnostic imaging" includes anything except for the technical component of an MRI, Request No. 9 is denied.

10.    If the technical component is not properly performed, the resulting diagnostic scan is less useful or even useless for the purposes of the diagnosis and/or treatment of a patient's medical condition.

**RESPONSE:**  In response to Request No. 10, Spine Imaging objects and cannot truthfully admit or deny the request because it is vague and indecipherable.

11.    At all times relevant to this case, the technicians employed by Plaintiff to perform the technical components of MRI services also performed x-rays for Plaintiff.

Dated: April 16, 2012                      LOCKRIDGE GRINDAL NAUEN P.L.L.P.


                                           By:  _____
                                                Eric C. Tostrud, #213548
                                                Gregory J. Myers, #287398
                                                David W. Asp, #344850
                                           100 Washington Avenue South, Suite 2200
                                           Minneapolis, MN  55401
                                           Tel:  (612) 339-6900
                                           Fax:  (612) 339-0981
                                           ectostrud@locklaw.com
                                           gjmyers@locklaw.com
                                           dwasp@locklaw.com

                                           **ATTORNEYS PLAINTIFFS AND THIRD-
                                           PARTY DEFENDANTS EDUARDO
                                           BULLON; CENTRAL MEDICAL CLINIC,
                                           LLC; DR. ALFONSO MORALES, M.D.,
                                           AND DR. HANS MICHAEL CASTRO,
                                           D.C.**

455825.1                                   8